UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CHRISTOPHER D. BELL,

       Plaintiff,

vs.

TERRY TIBBALS, et al.,

       Defendants.

CASE NO. 1:13-CV-2843

OPINION & ORDER
[Resolving Doc. Nos. 1, 2, 4, 5, 7, 11, &12]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* plaintiff Christopher D. Bell's above-captioned Complaint pursuant to 42 U.S.C. § 1983. Bell, an inmate at Richland Correctional Institution (RCI), brings this action against the following individuals: Mansfield Correctional Institution (ManCI) Warden Terry Tibbals, ManCI Inspector Sharon Berry, ManCI Lieutenant John Doe Iceman, ManCI C.O. Tara Brown, ManCI Deputy Warden John Doe Bradley, ManCI C.O. David Gray, ManCI C.O. John Doe Bond, ManCI Lieutenant John Doe Reese, ManCI Captain John Doe Hale, ManCI C.O. John Doe M. Collins, ManCI C.O. John Doe Scott, ManCI C.O. Erica Faulkner, ManCI Captain Jane Doe Foy, ManCI Nurse Lola Downs, ManCI C.O. John Doe Smith, ManCI Medical Supervisor (former) Jane Doe Christopher, ManCI Sergeant John Doe Swisher, ManCI Dr. Airaldi, ManCI C.O. John Doe Vilfer, ManCI Unit Manager Jane Doe Selvage; Department of Rehabilitation and

Case No. 1:13-CV-2843
Gwin, J.

Correction (DRC) Director (former) Gary Mohr, DRC Chief (former) of Classification William Eleby, DRC Chief Inspector Croft, DRC Supervisor Medical Services Mona Parks; North Central Correctional Institution (NCCI) C.O. Warden Ed Sheldon, NCCI Inspector Taggert Boyd, NCCI C.O. Kevin McGlothlin, NCCI Unit Counselor Teresa Joliff, NCCI Unit Manager Thomas Reinsel, NCCI C.O. C. Markley, NCCI C.O. Mitzy Clark, NCCI C.O. John Doe Skidmore, NCCI C.O. John Doe Pierce, NCCI C.O. Jane Doe Craft, NCCI C.O. John Doe Dawson, NCCI C.O. Harold F. May, NCCI Nurse Jodi Lynn Ryan, and NCCI Warden's Assistant Teri Bauldauf.  Bell also filed a "Motion to Proceed *In Forma Pauperis*" (Doc. No. 2), but later paid the full filing fee.  Accordingly, the Motion is denied as moot.  Bell challenges the Defendants' "egregious and systemic" abuse of power through excessive force, assault, and leveling false misconduct charges against him.  He maintains they used disciplinary transfers to retaliate for "good faith" grievances he filed and treated him less favorably than similarly situated inmates.  Bell seeks compensatory and punitive damages as well as injunctive relief  directing Gary Mohr to implement a policy prohibiting "Defendant Jeffries (predessor [sic] and successor) from using his office to subject Plaintiff to retaliatory transfers and displacements as punishment."[1] (ECF No. 1 at 99).  Moreover, he asks the Court to order Mohr to enforce procedures barring the Defendants from retaliating against him for filing grievances.

**I. Background**

Bell's statement of relevant facts begins on page forty-two of his one hundred page

---

[1] "Defendant Jeffries" is not listed as a party defendant in the Complaint.

Case No. 1:13-CV-2843
Gwin, J.

complaint.[2] The section is further sub-divided under twenty-three overlapping sub-headings alleging, *inter alia*, "conspiracy, retaliation, excessive force, censorship, extreme prejudice and equal protection violations." Each paragraph within the sub-headings include two to three sentences which state a conclusion of law or fact regarding Bell's allegations. He states conduct reports were "falsified," or the Defendants "conspired" to falsely accuse him of disciplinary infractions. Because the examples are too numerous among the fifty pages of paragraphs he uses to list his conclusions, the Court can only state it has carefully examined his claims and finds he has failed to set forth a Constitutional claim for relief. Despite the seriousness of the terms Bell uses to assert his claims, the allegations are not only conclusory, but time-barred.

The gravamen of his concerns began in 2009. By mid-point of that year, he alleges he had endured his thirteenth transfer to NCCI. Bell believes the transfers were initiated in retaliation for grievances he filed in prison.

All the allegations in the Complaint took place at either NCCI or ManCi between 2009 and 2010. During this period, Bell fully exhausted his administrative remedies to the extent he claims he was permitted. One of his allegations includes a generic claim that the Defendants refused to allow him to appeal his grievances. Finally, there is no explanation or indication why he waited over three years from the date of his last grievance to file his Complaint in federal court.[3]

---

[2] Because Bell incorrectly numbers some pages of the Complaint, all page number references are to the Page ID#.

[3]  The Court notes that Bell has been barred, pursuant to 28 U.S.C. § 1915(g), from filing any *in forma pauperis* civil action in the Northern District of Ohio because he filed more that three civil
(continued...)

Case No. 1:13-CV-2843
Gwin, J.

## II. Legal Standard

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[4] 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D. Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL145167 at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re*

---

[3](...continued)
actions that were dismissed as frivolous or failed to state a claim upon which relief may be granted. *See Bell v. Rhodes et al*, No. 3:05CV7003 (N.D. Ohio Mar. 29, 2005)(Boyko, J.)  If, however, he filed an action than contained allegations reasonably suggesting he was in imminent danger of serious physical injury Bell would be permitted to proceed *in forma pauperis*.

[4]  The relevant statute provides:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

28 U.S.C. §1915A(b)(1)(2009).

Case No. 1:13-CV-2843
Gwin, J.

*Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

### III. Analysis

Bell argues the Defendants were acting under color of state when they deprived him of rights secured by the Constitution and law of the United States in violation of 42 U.S.C. §1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  He specifically alleges that the Defendants' violated his rights to due process, equal protection and to be free from cruel and unusual punishment.

As a threshold matter, Plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007)).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted). If, however, an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th  Cir.1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th  Cir.1993)).

To test whether a complaint is sufficiently pleaded, a court must identify any conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at  678 (citing *Bell*,

Case No. 1:13-CV-2843
Gwin, J.

550 U.S. at 555).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 550 U.S. at 555 (citations and quotation marks omitted).  Plaintiff has not met his burden.

Every paragraph contained in the complaint is premised on the Court accepting, as fact, that the Defendants have conspired to treat him less favorably than other inmates and disciplined him solely as a means of retaliation for his grievances. These bare assertions, very similar to the pleading of conspiracy in *Twombly*, summarize nothing more than a "formulaic recitation of the elements" of constitutional due process and equal protection claims.  Under these circumstances, the allegations are conclusory and not entitled to be assumed true.

### IV. Statute of Limitations

Even if Bell stated a claim for relief, his Complaint is time-barred.  Any action "brought pursuant to section 1983 must apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.2003). Thus, for 42 U.S.C. § 1983 actions brought in Ohio, a two-year statute of limitations applies. *Id*. at 855–56 (citing Ohio Rev.Code § 2305.10).  This two-year "statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988).  A plaintiff, moreover, "has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*.

Bell's initial claim is that by 2009 he had been transferred thirteen times in retaliation for filing grievances.  Although the allegation is conclusory, it is readily apparent he believed he had

Case No. 1:13-CV-2843
Gwin, J.

a Constitutional claim in 2009.  Moreover, he alleges he was physically injured on July 28, 2010 when the bar from a free weight fell on him.  Bell filed a grievance arguing the Defendants failed to alert him that the equipment he was using was broken.  A final decision on his subsequent appeal was issued on October 18, 2010.  Regardless of the merits of Bell's claim, he is clearly time-barred from raising these issues over three years after he should have known he had a claim.

Every injury about which Plaintiff complains either occurred before 2010, or he had exhausted his administrative remedies for that injury by 2010.   Bell did not file a complaint in this Court, however, until December 30, 2013.  Every alleged act that provides the basis for Bell's civil rights claims occurred more than two years before he filed his Complaint in this Court.  Accordingly, the action is considered time-barred. See *Rodriguez v. City of Cleveland*, 439 Fed.Appx. 433 (6th Cir.2011) (any civil rights action filed in Ohio under §1983 in Ohio is subject to a two-year statute of limitations applies).

### V. Conclusion

Based on the foregoing,  Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2); "Motion for Extension to Submit Marshal Forms" (Doc. 4); "Motion for Extension to Submit Marshal Forms" (Doc. No. 7); and "Motion for Extension for Service of Summons" (Doc. No. 12) are denied as moot.  Bell's  "Motion for Extension to Submit Filing Fee" (Doc. No. 5) and "Motion to File a Limited Number of Copies" (Doc. No. 11) is granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

Case No. 1:13-CV-2843
Gwin, J.

faith.[5]

       IT IS SO ORDERED.


Dated: June 9, 2014                     *s/       James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[5]     28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.