UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                   :
CHRISTOPHER D. BELL,                :            CASE NO. 1:13-CV-2843
                                                   :
              Plaintiff,                           :
                                                   :
vs.                                                :            OPINION & ORDER
                                                   :            [Resolving Doc. Nos. 17, 18]
TERRY TIBBALS, *et al*.,                  :
                                                   :
              Defendants.                      :
                                                   :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        On June 9, 2014, this Court issued an Opinion & Order dismissing the plaintiff's

complaint pursuant to 28 U.S.C. § 1915A because the allegations in the plaintiff's complaint

were insufficient to state a viable claim under 42 U.S.C. § 1983 and the plaintiff's claims were

barred by the statute of limitations.  Plaintiff has filed a motion for reconsideration (Doc. No.

17) and a motion to reinstate his case (Doc. No. 18).  These motions are both denied.

        Reconsideration is warranted only if there has been: (1) a clear error law; (2) an

intervening change in the law; (3) newly discovered evidence; or (4) a showing of manifest

injustice.  *Jones v. Gobbs*, 21 Fed. App'x 322, 323 (6th Cir. 20*01), citing *GenCorp, Inc. v.

American Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 19*99).  The sole basis for the plaintiff's

motions is that his claims are not time-barred because his action was a re-filing of a prior case

and some allegations in his complaint describe mistreatment that could be considered under a

"continuing tort" theory.  (Doc. No. 17, at 1-5.)  The plaintiff, however, has not demonstrated a

"clear error" of statute-of-limitations law that would warrant reconsideration of the dismissal of his case.  Further, the plaintiff has not demonstrated that any of the other circumstances warranting reconsideration exist.

## Conclusion

Accordingly, the plaintiff's motions for reconsideration and to reinstate his case are denied.

IT IS SO ORDERED.


Dated: October 21, 2014                                    *s/       James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE